UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANN E. MORLEY,

       Plaintiff,               Case No. 12-14653
                                HON. GERSHWIN A. DRAIN

vs.


COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

<u>ORDER DISMISSING PLAINTIFF'S CAUSE OF ACTION FOR FAILURE TO
PROSECUTE</u>


## I.    INTRODUCTION

On October 22, 2012, Plaintiff filed a Complaint against Defendant appealing the denial of her eligibility for supplemental social security income and disability insurance benefits. On December 12, 2012, Defendant filed a Motion to Dismiss arguing that Plaintiff failed to file her Complaint within 60 days of receiving denial of her request for review as is required by 42 U.S.C § 405(g). Plaintiff did not respond to Defendant's Motion. On January 7, 2013, Magistrate Judge Michael J. Hluchaniuk ordered Plaintiff to respond. Plaintiff still did not respond. On April 15, 2013, Magistrate Judge Hluchaniuk issued a Show Cause Order that required Plaintiff to respond by April 30, 2013. Plaintiff failed to respond. For the reasons below, Plaintiff's cause of action is DISMISSED.

-1-

## II.    LAW AND ANALYSIS

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001). The Court may do so sua sponte. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). While Plaintiff is proceeding pro se, "pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

To determine whether dismissal under Rule 41(b) is appropriate this Court examines four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). No one factor is dispositive and dismissal is in the discretion of this Court. *Id.*

The *Knoll* factors weigh heavily in favor of dismissal. First, while it is unclear whether Plaintiff's failure to respond is in bad faith, it is certainly willful and with fault. Plaintiff has had ample notice that she must respond to Defendant's Motion to Dismiss, filed over four

months ago, and has ignored that command.  There is a light showing on the second factor,
since the only prejudice suffered by Defendant is the delay in litigation.  The third factor,
however, is easily satisfied as Plaintiff has received multiple warnings.  The most recent
being the Show Cause Order, which explicitly warned Plaintiff that her case would be
dismissed if she did not respond by April 30, 2013.  Plaintiff may not claim that she was
caught unaware by this dismissal.   As to the fourth factor, Plaintiff has effectively
abandoned the case, so dismissal is the only appropriate remedy available.

Alternatively, Plaintiff's case is also dismissed based on failure to file her Complaint
within 60 days of receiving final determination from the Commissioner.  Judicial review of
Social Security Administration decisions are governed by 42 U.S.C. § 405(g)-(h):

> (g) Any individual, after any final decision of the Commissioner made after a
> hearing to which he was a party, irrespective of the amount in controversy, may
> obtain a review of such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further time as  t h e
> Comm
> ission
> er may
> allow.

> (h) The findings and decision of the Commissioner after a hearing shall be binding
> upon all individuals who were parties to such hearing. No findings of fact or decision
> of the Commissioner shall be reviewed by any person, tribunal, or governmental
> agency except as herein provided. No action against the United States, the
> Commissioner, or any officer or employee thereof shall be brought under section
> 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The first sub-section sets the sixty day deadline to file a civil action challenging the
Commissioner's determination.  The second sub-section makes clear that this is the only
permissible method of challenging the Commissioner's determination.   Plaintiff's
determination letter was mailed on August 15, 2012, so she had until October 19, 2012 to

file a civil action.  Plaintiff did not file her Complaint until October 22, 2012.  While Plaintiff

was only three days late, strict adherence to the deadline is necessary as it serves "to move

cases to speedy resolution in a bureaucracy that processes millions of claims annually."

*Bowen v. City of New York*, 476 U.S. 467 (1986).  Plaintiff had clear notice of this deadline

and failed to meet it without offering any explanation.  Thus, failure to meet the 60 day

deadline pursuant to 42 U.S.C. § 405(g) provides another basis for dismissal.


**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's cause of action is DISMISSED with

prejudice and for lack of prosecution.

SO ORDERED.


Dated:  May 14, 2013

S/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 14, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk

-4-